UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:18CR759 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| KHALIL EWAIS, et al., | ) | OPINION AND ORDER |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter is before the Court on the Motions of Defendant Khalil Ewais (Doc. 33) and

Abdeljawad Ewais (Doc. 34) to Sever certain counts and Defendants from the single Indictment.

The Government does not object to severing Defendants.  Therefore, Abdeljawad's Motion is

**GRANTED**.  For a similar reason, Khalil's Motion to Sever Defendants is also **GRANTED**.

However, for the following reasons, Khalil's Motion to Sever the Counts is **DENIED**.

**I. BACKGROUND**

Defendant Khalil is an engineer by trade.  He worked for the Mayor's Office of Capital

Projects for the City of Cleveland as its Section Chief of Construction in the Division of

Engineering and Construction.  He and his brother – Defendant Abdeljawad – also owned a

specific commercial property located at the corner of Storer Avenue and West 62nd Place in

Cleveland, Ohio.  Defendants leased the property to at least two businesses.  Khalil also owned and operated a private engineering and consulting company through which he did work for private clients in Cleveland.

On December 19, 2019, a Federal Grand Jury indicted both Defendants in a single Indictment.  The crux of the Indictment focuses on what Khalil calls the "corruption charges." According to the Indictment, Khalil unlawfully used his position with the City to his private benefit.  He allegedly influenced third-parties to provide either his commercial property or his private business clients improper benefits.

For this, the Grand Jury indicted Khalil with one count of Extortion Under Color of Official Right, a violation of 18 U.S.C. § 1951; one count of Bribery in Federally Funded Programs, in violation of 18 U.S.C. § 666(a)(1)(B); one count of Theft from a Program Receiving Federal Funds, in violation of 18 U.S.C. § 666(a)(1)(A); one count of Wire Fraud, in violation of 18 U.S.C. § 1343; and one count of False Statement or Representation Made to a Department or Agency of the United States, in violation of 18 U.S.C. § 1001(a)(2).

The Grand Jury also indicted Khalil on four counts of Making and Subscribing False Income Tax Returns for tax years 2013, 2014, 2015 and 2016, each in violation of 26 U.S.C. § 7206(1) (the "tax charges").  According to the Indictment, Khalil failed to report "rental income and other things of value" in his tax returns.

Similarly, the Grand Jury indicted Abdeljawad on five counts of Making and Subscribing False Income Tax Returns for tax years 2012, 2013, 2014, 2015 and 2016, all in violation of 26 U.S.C. § 7206(1).  These charges stem from Abdeljawad's alleged failure to report rental income on his tax returns.

-2-

On April 18, 2019, both Khalil and Abdeljawad asked the Court to sever the Defendants. Khalil also asked the Court to sever the corruption charges from the tax charges.  On May 18, 2019, the Government responded, agreeing to sever the Defendants but opposing Khalil's request to sever the tax and corruption charges.  Khalil filed his Reply shortly thereafter.

## II. LAW AND ANALYSIS

### A.      Standard of Review

Whether "counts of an indictment are to be joined or severed are governed by Federal Rules of Criminal Procedure 8 and 14."  *Thomas v. United States*, 849 F.3d 669, 675 (6th Cir. 2017).  Rule 8(a) states:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged–whether felonies or misdemeanors or both–are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

FED. R. CRIM. P. 8(a).

Courts construe Rule 8(a) in favor of joinder.  *United States v. Deitz*, 577 F.3d 672, 692 (6th Cir. 2009); *United States v. Chavis*, 296 F.3d 450, 456 (6th Cir. 2002).  "Whether a joinder [is] appropriate under Rule 8(a) is determined by the allegations on the face of the indictment." *Thomas*, 849 F.3d at 675 (citing *Chavis*, 296 F.3d at 456-57).

"Once a count has been joined, a district court may grant a Rule 14 motion to sever the count if the joinder 'appears to prejudice a defendant.'"  *Id.* (quoting FED. R. CRIM. P. 14).  In order to prevail on a Rule 14 motion, a "defendant must show compelling, specific and actual prejudice."  *Id.*  "A defendant is prejudiced if the jury would be unable to keep the evidence from

each offense separate and unable to render a fair and impartial verdict on each offense." *United States v. Rox*, 692 F.2d 453, 454 (6th Cir. 1982).

### B.      Joinder of Corruption and Tax Charges

The tax charges are sufficiently related to the corruption charges to warrant joinder.  Both set of charges are of the same or similar character, where the evidence of the charges is intertwined.  *See United States v. Hang Le-Thy Tran*, 433 F.3d 472, 478 (6th Cir. 2006).  The crux of the Indictment is the alleged corruption which occurred throughout 2016 into 2017.  The Count 9 tax charge alleges under-reporting of "other things of value" for the year 2016.  In order to prove Khalil received a "thing of value" the Government must prove the underlying corruption.  Thus, the same evidence is necessary to demonstrate the corruption charges and the 2016 tax charges in Count 9.

Count 9 also encompasses the under-reporting of rental income.  Counts 6, 7 and 8 concern similar under-reporting of rental income.  Necessarily then, evidence of rental income ties each of the Counts together.  The Government will have to submit similar evidence for Counts 6, 7 and 8 that it would for Count 9, which again is clearly related to the underlying corruption charges from 2016.

As the "predominant consideration" of Rule 8(a) is judicial efficiency, *Chavis*, 296 F.3d at 460, the Court finds that joining Counts 1-5 with Counts 6-9 "promotes the goals of trial convenience and judicial efficiency."  *Hang Le-Thy Tran*, 433 F.3d at 478.  Therefore, joinder of the Counts is proper under Rule 8(a).

### C.      Severance under Rule 14

Further, the Court will not sever the Counts under Rule 14.  Unlike the broad

interpretation of Rule 8, Rule 14 is construed narrowly.  *See United States v. Mosquera*, 886 F.3d 1032, 1041 (11th Cir. 2018) ("The circumstances justifying severance are 'few and far between'"); *see also* CHARLES ALLEN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 141 (4th ed. 2019).  It requires a defendant to "show compelling, specific[] and actual prejudice."  *United States v. Saadey*, 393 F.3d 669, 678-79 (6th Cir. 2005).  Khalil has not made that showing in this instance.

The Court disagrees with Khalil's fear of jury confusion and resulting prejudice.  Khalil worries that joinder will result in a complex trial, which increases the risk of jury confusion. However, as the Sixth Circuit has explained, "[t]ax offenses, like taxes, are very discreet, very individualistic matters.  The evidence necessary to prove them is readily distinguishable from that necessary to prove other offenses.  They are peculiarly a matter between a taxpayer and his government."  *United States v. Bibby*, 752 F.2d 1116, 1122 (6th Cir. 1985).  Accordingly, tax offenses, like the under-reporting of rental income in Counts 6-9, can be easily compartmentalized by the jury.  *See Thomas*, 849 F.3d at 676 ("Prejudicial joinder is especially unlikely when the jury can adequately 'compartmentalize and distinguish the evidence concerning the different offenses charged'") (quoting *United States v. Cody*, 498 F.3d 582, 587 (6th Cir. 2007)).  Finally, the Court can and will provide the proper instructions to the jury requiring the jury to consider each charge separately.  *Id.* at 677; *see also Chavis*, 296 F.3d at 462 (limiting instructions to the jury minimize the danger of any improper joinder of offenses).

Since Khalil has not demonstrated compelling, specific and actual prejudice that may result from the joinder of the corruption and tax charges, his request to sever the charges under Rule 14 is denied.

### III. CONCLUSION

Joining the corruption and tax charges promotes the interests of trial convenience and judicial efficiency.  Khalil's Motion to sever Counts 1-5 and 6-9 under Rule 8(a) and Rule 14 is without merit and therefore **DENIED**.  However, the Court will sever the Defendants and therefore **GRANTS** Abdeljawad's Motion under Rule 8(b) and **GRANTS, in part** Khalil's Motion.

Counsel for all parties shall appear in Chambers on Monday, July 8, 2019, at 3:30 p.m. for a Status Conference regarding further procedures for Trial.  All dates remain same until then.

**IT IS SO ORDERED.**

 **s/ Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: June 26, 2019**